UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FINN STROMBERG,<br><br>              Plaintiff,<br><br>      v.<br><br>MARRIOTT INTERNATIONAL, INC., et al.,<br><br>              Defendants. | Civil Action 04-01698 (HHK) |

**MEMORANDUM OPINION**

Plaintiff Finn Stromberg, a citizen of the Kingdom of Norway, was injured in an automobile accident in Mexico on September 13, 2001. The accident occurred when he was traveling in a taxi that had been hailed on his behalf by employees at the Courtyard by Marriott hotel located near the Monterrey, Mexico, airport ("Monterrey Courtyard"), where he had stayed the previous night. In September 2004, Stromberg commenced a civil action in the District of Columbia Superior Court against several defendants, including Marriott International, Inc. ("Marriott"), which action Marriott removed to this court. The complaint brings claims of fraud, conspiracy, negligence, and breach of contract, all arising from the events leading up to and surrounding the car accident. Before the court is Marriott's motion to apply Mexican law and for summary judgment, or, in the alternative, to dismiss under the doctrine of *forum non conveniens* [#25]. Upon consideration of the motion, the opposition thereto, and the record of the case, the court concludes that the District of Columbia is not the appropriate forum for litigation of Stromberg's claims. Accordingly, the court will grant the motion to dismiss this case.

## I. BACKGROUND

Stromberg is a photographer. Immediately after the terrorist attacks in the United States on September 11, 2001, his employer asked him to travel to New York City to take photographs at the World Trade Center site. Unable to fly directly to the United States, Stromberg flew to Monterrey, Mexico, where he planned to embark on an overland journey to the States and eventually to New York. He checked in for the evening on September 12, at the Monterrey Courtyard, which is owned and operated by Inversiones Del Aeropuerto, S.A., D.E., C.V., T/A Courtyard by Marriott ("IDA"), under a franchise agreement with Marriott. Upon arrival, he asked the hotel staff for a wake-up call and a taxi to take him to the U.S.-Mexican border early in the morning.

A taxi, owned and operated by Tansportadora Los Sabinos Division Especializados De C.V. SA ("TLS"), was waiting at the appointed time. It had been summoned from the Apodaca taxi base and its driver was Jose Luis Lozoria Martinez. En route to the border, the taxi collided with a wheel that had fallen off a government-owned bus. Plaintiff then took a replacement cab to the border.

Pursuant to this civil action, Stromberg brings claims against Marriott, IDA, TLS, Jose Juis Lozoria Martinez, and the taxi base. Service has been effected, however, only as to defendant Marriott, and therefore only the claims against it are properly before the court. In moving for summary judgment, or, in the alternative, for dismissal under the doctrine of *forum non conveniens*, Marriott argues (1) that Mexico law applies to this action, and thereunder, all Sromberg's claims fail, and (2) that Mexico offers an adequate alternate forum for litigation of

these claims, and that the public and private factors courts consider when reviewing *forum non conveniens* motions favor dismissal.

## II.  ANALYSIS

A.  **The *Forum Non Conveniens* Doctrine**

Whether to dismiss a case under the *forum non conveniens* doctrine is a discretionary decision that can be made at any time.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (discretionary decision); *L & L Const. Assocs., Inc. v. Slattery Skanska, Inc.*, No. 05-1289, 2006 WL 1102814, at *3 (D.D.C. Mar. 31, 2006) (flexibility to make decision at any time).  The doctrine "permits a court to dismiss an action over which it has jurisdiction when there is an adequate alternative forum in which the case can be more conveniently heard."  *BPA Int'l, Inc. v. Kingdom of Sweden*, 281 F. Supp. 2d 73, 84–85 (D.D.C. 2003) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

Application of the doctrine involves two inquiries.  First, the court determines whether an adequate alternative forum exists.  In making this determination, the court asks preliminarily whether the defendant is amenable to process in the foreign jurisdiction.  *Friends for All Children v. Lockheed Aircraft Corp.*, 717 F.2d 602, 607 (D.C. Cir. 1983).  In rare cases, the alternative forum may be inadequate because "the remedy offered by the other forum is clearly unsatisfactory."  *Reyno*, 454 U.S. at 254 n.22; *see Nemariam v. Fed. Democratic Republic of Ethiopia*, 315 F.3d 390, 395 (D.C. Cir. 2003) (reversing dismissal for *forum non conveniens* because plaintiff lacked a personal right to any remedy the alternative forum could provide and that remedy could be reduced by competing claims).  However, a remedy will not be considered inadequate merely because the other forum presents the "possibility of an unfavorable change in

law." *Reyno*, 454 U.S. at 249; *In Re Disaster at Riyadh Airport*, 540 F. Supp. 1141, 1145 (D.D.C. 1982) (a potentially smaller damage award and an inability to rely on a particular theory of liability do not render a forum inadequate).

Second, the court looks to a series of public and private factors to determine whether, when balanced against the presumption in favor of the plaintiff's choice of forum, those factors favor dismissal. *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676–77 (D.C. Cir. 1996). "If the balance favors the foreign forum, and if the Court is convinced that plaintiff effectively can bring its case in the alternative forum, the Court may dismiss the case on grounds of forum non conveniens." *KPMG Fin. Advisory Servs. Ltd. v. Diligence LLC*, No. 05-2204, 2006 WL 335768, at *1 (D.D.C. Feb.14, 2006) (citing *Pain v. United Techs. Corp.*, 637 F.2d 775, 785-86 (D.C. Cir. 1980)). "The defendant has the burden on all aspects of a motion to dismiss on forum non conveniens grounds, including the obligation to establish as a prerequisite that an adequate alternative forum exists." *Ibid.*

**B.     Application**

    **1.     Adequate Alternative Forum**

Does Mexico offer an adequate alternative forum? The parties do not dispute that defendants are amenable to process in Mexico (and Marriott has stipulated to submit to service of process there), and courts have deemed Mexican courts adequate for *forum non conveniens* purposes in similar circumstances. *See*, *e.g.*, *Gonzales v. Chrysler Corp.*, 301 F.3d 377, 382 (5th Cir. 2002). Nonetheless, Stromberg argues that Mexico is an inadequate forum because it would offer him no remedy at all against Marriott. By his account, he would not be able to prove his case in Mexico because Mexican statutory law "does not allow for vicarious liability" in a

manner that would render his claims against Marriott viable.  Of course, this argument presupposes that if Stromberg's claims were litigated in this court, those claims would *not* be reviewed under Mexican law.  The validity of that assumption depends on the application of the District of Columbia's choice of law rules.  If those rules require that Stromberg's claims be reviewed on the merits under Mexican law, his argument falls apart, since his legal claims would be equally viable (or doomed) in either forum.

        **a.**      **Choice of Law**

Where, as here, jurisdiction is based on diversity, the court will "apply the choice of law rules for the jurisdiction in which it sits." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 58 (D.D.C. 2004).  Before applying the District's choice of law rules, however, "the court must first determine if there is a conflict between the laws of the relevant jurisdictions." *Young Women's Christian Ass'n v. Allstate Ins. Co.*, 275 F.3d 1145, 1150 (D.C. Cir. 2002).  "Only if such a conflict exists must the court then determine, pursuant to District of Columbia choice of law rules, which jurisdiction has the 'more substantial interest' in the resolution of the issues." *Ibid*.

        **(1)**      **Existence of a Conflict**

As Stromberg's arguments make apparent, the parties agree that conflicts exist between applicable Mexican law and that of the District.  The court concurs.  The apparently applicable civil code in Mexico (that of Nuevo Leon) (1) sets forth an "innkeeper" statute limiting personal injury claims that rely on vicarious liability to those against registered owners and/or operators of hotels, (2) requires a heightened showing of damages in negligence actions (it requires that alleged damages be "an immediate and direct consequence of the failure to perform" the defendant's duty), and (3) disallows punitive damages.  Def.'s Ex. 1 (Decl. of Navarro-Velasco)

at 3–12.  In contrast, D.C. law does not contain an "innkeeper" limitation to vicarious liability, sets a lower standard for proving negligence and causation, and allows for punitive damage awards.  D.C. Code §§ 34-101 to 34-103 (2006); *Amoco Oil Co. v. EPA*, 543 F.2d 270, 276 (D.C. Cir. 1976) (discussing principles governing vicarious liability); *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C. 1982) (standards for proving negligence); *Rogers v. Ingersoll-Rand Co.*, 971 F. Supp. 4, 12 (D.D.C. 1997) (punitive damages).

### (2)     Relative Interests of Mexico and the District

Because a conflict exists between the laws of Mexico and the District, the court must determine which forum has a more substantial interest in the resolution of the issues presented here.  In making choice of law determinations, courts in the District of Columbia apply a "modified 'governmental interests analysis' which seeks to identify the jurisdiction with the 'most significant relationship' to the dispute."  *Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 180 (D.C. 2006).  Under this analysis, courts "evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review."  *Ibid.* (quoting *Dist. of Columbia v. Coleman*, 667 A.2d 811, 816 (D.C. 1995).

Because this case deals primarily with actions taken in Mexico, the policies underlying Mexican law would be advanced to a greater degree by application of that law than would the policies underlying the laws of the District of Columbia.  Naturally, Mexico has a great interest in seeing its laws applied to conduct within its borders.  By contrast, the District has little interest in ensuring that Maryland corporations are advancing the policies of its personal injury laws in the conduct of their affairs in foreign nations.

In addition to assessing the policy interests of the competing jurisdictions, the "modified governmental interests analysis" also considers, in personal tort cases, the factors enumerated in the Restatement (Second) of Conflict of Laws § 145. These include "[(]a) the place where the injury occurred; [(]b) the place where the conduct causing the injury occurred; [(]c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and [(]d) the place where the relationship is centered." *Washkoviak*, 900 A.2d at 180.

The Restatement factors strongly favor applying Mexican law. The accident occurred in Mexico and the conduct causing the alleged injury was centered in and directed toward Mexico. The other Restatement factors fail to favor the District of Columbia as an appropriate forum: Stromberg is domiciled and resides in Norway; Marriott is a Delaware-incorporated entity whose principal place of business is in Maryland; and while there may be a sliver of dispute as to Marriott's domicile, nothing on the scant record favors the District of Columbia (or any other locale, apart from perhaps Norway and/or Maryland) over Mexico as the "center" of the broader relationship between them.[1]

The court concludes that Mexico has the most significant relationship to the events giving rise to this action. Therefore, under the District's choice of law rules, Mexican law applies to Stromberg's claims, and Stromberg's argument that Mexico is an inadequate forum (because its courts would apply Mexican law, which forecloses his claim for vicarious liability) is

---

[1] The location of Marriott's domicile, asserted by Marriott to be Maryland, is contested because Stromberg presents a printout of Marriott's corporate website, which lists a Washington, D.C., address and a Maryland telephone number as general contact information for its "headquarters."

unpersuasive. Mexican law would limit his remedies to the same extent in this court as it would in Mexico.

Stromberg offers no other challenge to the adequacy of the Mexican courts. In any event, for the reasons stated above, the court concludes that Mexico offers an adequate alternative forum.

### 2. Private Interests

The private factors to be considered include the ease of access to proof, the availability of compulsory process to obtain the attendance of hostile witnesses, costs of transporting witnesses, and other expenses or inefficiencies. *Reyno*, 454 U.S. at 241 n.6. In assessing these factors, the court notes that while normally, the plaintiff's choice of forum is given strong deference, that presumption "carries much less weight when the plaintiff is also a stranger to the forum," as is the case here. *BPA Int'l*, 281 F. Supp. 2d at 85.

The private factors favor litigation in Mexico. Many essential witnesses for the claims and defenses to be presented are not subject to compulsory process in the District, but presumably may be brought to testify in Mexico. The primary evidence to be collected (that regarding the supervisory relationship between Marriott and IDA and its employees) is in Mexico or would be primarily elicited from persons in Mexico. Though some defense witnesses, who would testify regarding the nature of the franchise relationship between IDA and Marriott, are located near the District, the bulk of the evidence and testimony would revolve around Marriott's dealings with and supervision of IDA in Mexico.

### 3. Public Interests

The public factors also favor litigation in Nuevo Leon. The factors to be considered include the desirability of clearing foreign controversies from congested dockets, the extent of any local interest in the dispute, the ease with which the present forum will be able to apply foreign law, avoiding unnecessary problems with the conflict of laws, and the burden to the local jury pool in hearing a foreign controversy. *Reyno*, 454 U.S. at 241 n.6. The court is aware that its counterparts in Mexico are far better suited to apply their own laws than it is, and the court is sensitive to the desirability of avoiding the unnecessary review of foreign disputes. The District's highly burdened jury pool would also benefit by not bearing the responsibility of hearing this case, which relates in only the slightest degree to the District and to the interests of its citizens.

For all these reasons, the court will exercise its discretion and dismiss the case under the doctrine of *forum non conveniens*. In so doing, the court incorporates into its decision, as a condition of dismissal, Marriott's offer to waive service of process and any statute of limitations defenses to Stromberg's claims in the Mexican courts. The court will also retain supervisory jurisdiction of this action to ensure (1) compliance with its order and (2) that Nuevo Leon proves, in fact, to offer an available forum for litigation of this dispute. Should the re-filed complaint be dismissed on jurisdictional grounds prior to an assessment of the merits, the parties may return to this court. *See generally In re Bridgestone/Firestone, Inc.*, 420 F.3d 702 (7th Cir. 2005) (reversing dismissal on grounds of *forum non conveniens* because the Mexican courts were, though adequate, arguably not available) (*on remand*, __ F. Supp. 2d __, 2006 WL 3895054

(S.D. Ind. Nov. 14, 2006) (assessing propriety of the actions taken by the parties that precipitated the dismissal of the dispute by the Mexican courts)).

### III. CONCLUSION

Though it appears from the parties' submissions that under applicable Mexican law, Stromberg's claims against defendant Marriott must fail, the courts of Mexico are far better suited to make that determination than is this court.  Therefore, and in accordance with the forgoing discussion, Marriott's motion to dismiss pursuant to the doctrine of *forum non conveniens* [#25] is **GRANTED**, and its motion in the alternative for summary judgment is **DENIED AS MOOT**.

An appropriate order accompanies this Memorandum.


                                        Henry H. Kennedy, Jr.
                                        United States District Judge

Dated: February 7, 2007